# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

NICOLE RULLI, individually and on behalf of her minor son, A.F.; CHARLES BRYANT JR.; SIMON PHILLIPS; DONOVAN HAYDEN; JENNIFER "JAY" YODER; DONOVAN HAYDEN; and CHRISTOPHER WILSON JURING, individually and on behalf of all persons similarly situated,

        Plaintiffs,

v.

CITY OF PITTSBURGH; WENDELL HISSRICH, individually and in his official capacity as Director of Public Safety for the City of Pittsburgh; SCOTT SCHUBERT, individually and in his official capacity as Chief of the Pittsburgh Bureau of Police; STEPHEN VINANSKY, Commander of Zone 5 of the Pittsburgh Bureau of Police, in his individual capacity, JASON LANDO, Commander of Narcotics and Vice for the Pittsburgh Bureau of Police, in his individual capacity, STEVEN MESCAN, Master Police Officer, in his individual capacity; CLARENCE TRAPP, Incident Commander, in his individual capacity; PHILIP MERCURIO, Lieutenant, in his individual capacity,

        Defendants.

CASE NO. 2:20-cv-00965

Magistrate Judge Lenihan

**JURY TRIAL DEMANDED**

## ORDER OF COURT

AND NOW, this 27th day of July, 2022, upon consideration of the foregoing, the Parties' Joint Motion for Adoption of Consent Order Regarding Post-Mediation Policy Review Process is GRANTED.

Within 60 days of this Order, the Parties shall identify, agree upon, and engage a third-party crowd control expert, and hold an initial meeting with said expert and all applicable

stakeholders, including representatives of Plaintiffs, the Mayor's Office, the Pittsburgh Bureau of Police, and the Solicitor's Office;

Within 120 days of this Order, the City shall develop a proposed policy, considering the input of all stakeholders, with possible terms to include circumstances under which various munitions can or cannot be used at a protest; methods of distinguishing between peaceful protestors and individuals engaged in criminal acts; circumstances under which a dispersal order is permissible; contents of dispersal order; and circumstances under which a protestor can be arrested for failure to disperse;

Within 150 days of this Order, the City shall complete any required internal approval processes for implementation of said policy, such as review by the police union; and

Within 164 days of this Order, Plaintiffs shall determine if they approve of the proposed policy, and shall either seek leave to file an Amended Complaint removing or modifying their requests for injunctive relief, or shall notify the Court that the process has failed.

BY THE COURT:

_____
Lisa Pupo Lenihan
United States Magistrate Judge