IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| NICOLE RULLI, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, A.F.; CHARLES BRYANT JR., SIMON PHILLIPS, DONOVAN HAYDEN, JENNIFER "JAY" YODER, CHRISTOPHER WILSON JURING, <br><br>    Plaintiffs, <br><br>vs. <br><br>CITY OF PITTSBURGH, WENDELL HISSRICH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF PUBLIC SAFETY FOR THE CITY OF PITTSBURGH; SCOTT SCHUBERT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF THE PITTSBURGH BUREAU OF POLICE; STEPHEN VINANSKY, COMMANDER OF ZONE 5 OF THE PITTSBURGH BUREAU OF POLICE, IN HIS INDIVIDUAL CAPACITY; JASON LANDO, COMMANDER OF NARCOTICS AND VICE FOR THE PITTSBURGH BUREAU OF POLICE, IN HIS INDIVIDUAL CAPACITY; STEVEN MESCAN, PHILIP MERCURIO, CLARENCE TRAPP, <br><br>    Defendants, | 2:20-CV-00965-CB <br><br>United States Magistrate Judge Cynthia Reed Eddy <br>(for settlement purposes only) |

**Pre-Mediation Order**

Mediation in this case is scheduled for **March 23, 2023** at **9:00 a.m.** at the United States Courthouse, 700 Grant Street, Suite 10160, Pittsburgh, Pennsylvania, 15219. Set forth below are the responsibilities of the parties to be completed prior to the mediation, and the procedures that the Court will employ in conducting the mediation.

1. <u>Pre-Mediation Exchange of Demand and Offer</u>

Mediation is more likely to be productive if, prior to the mediation, the parties have exchanged written settlement proposals. Accordingly, on or before **March 2, 2023**, plaintiffs' counsel shall submit a written itemization of damages and settlement demand to defendants' counsel with a brief explanation of why such a settlement is appropriate. No later than **March 9, 2023**, defendants' counsel shall submit a written offer to plaintiffs' counsel with a brief explanation of why such a settlement is appropriate. If settlement is not achieved, plaintiffs' counsel shall deliver copies of all letters to Judge Eddy's chambers by e-mailing **michelle_markowitz@pawd.uscourts.gov** no later than **March 16, 2023**. Do not file copies of these letters on the court docket.

2. Joint Proposed Settlement Agreement and Joint Pre-Mediation Statement

On or before **March 16, 2023**, the parties also shall submit a proposed settlement agreement. The proposed settlement agreement shall include all terms; however, the parties may use a blank line to indicate those terms which have not yet been agreed upon (e.g. damages in the amount of _____ shall be paid. . ."). The proposed settlement agreement shall be brought to Court, on the first day of the Mediation, in electronic form.

The parties shall also submit a Joint Pre-Mediation Statement with the proposed settlement agreement. The statement must identify each outstanding issue, in the order of necessary resolution. The parties should briefly describe their respective position on each issue; however, specific monetary amounts need not be discussed. The statement should identify which issues will require the most concerted effort to resolve.

The proposed settlement agreement, together with the statement, should be sent to the above e-mail address. Do not file copies of the Joint Proposed Settlement Agreement and the Joint Pre-Mediation Statement on the court docket.

3. Parties' Confidential Settlement Position Letters

On or before NOON on March 21, 2023, the parties shall separately submit confidential letters of no more than 5 pages (including any exhibits) to the Court at the above e-mail address detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts. The letter will not be shared with opposing counsel. Accordingly, candor is expected.

4. Requirement that all Parties, Representatives with Complete Settlement Authority, and Lead Trial Counsel Attend in Person

All parties, representatives with full and complete settlement authority, and lead trial counsel are required to personally attend the conference.[1] An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the entire policy limits.

5. Mediation Format

The Court will use a facilitative mediation format. The mediation will begin with a joint session with opening presentations by each side. The parties may utilize whatever presentation they believe will be most effective, including charts, audiovisual, and oral presentations by counsel and principals.

The joint session shall be followed by private caucusing by the Court with each party. In caucus, you should discuss information which may assist in working toward a resolution, but

---

[1] Parties are permitted to attend the conference by video.

which you would prefer not to disclose in direct negotiations. The caucuses are also utilized to provide an opportunity to assess realistic options for resolution, without endangering any party's negotiation posture. Caucusing will continue until an option has been developed which all sides feel is acceptable.

The Court expects both the lawyers and party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to consider creative means for resolving the dispute.

6. Confidentiality

All statements made in the course of joint sessions, including opening presentations, are confidential settlement discussions. Statements may not be used in discovery and are inadmissible at trial. Any statements made or information disclosed to the Court in private caucus is also privileged and that disclosure cannot be compelled under any circumstances.

DATED this 22nd day of February, 2023.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: All ECF Registered counsel